IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES DEMPSEY,**<br>383 Vista Circle<br>North Olmsted, Ohio 44070, | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff, | )<br>) | **COMPLAINT** |
| vs. | )<br>)<br>) | |
| **HINKLEY LIGHTING, INC.**<br>c/o its Statutory Agent,<br>Black River Corporate Services, Inc.<br>35765 Chester Road<br>Avon, Ohio 44011-1262 | )<br>)<br>)<br>)<br>)<br>) | **Plaintiff demands a trial by jury on all issues triable of right by a jury, pursuant to Fed. R. Civ. P. 38.** |
| Defendant. | ) | |

Plaintiff James Dempsey (hereinafter "Plaintiff" or "Dempsey") brings this action for damages against Defendant Hinkley Lighting, Inc., (hereinafter "Hinkley Lighting" or "Defendant") for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and Ohio Revised Code § 4112.

## INTRODUCTION

1. Plaintiff James Dempsey is a United States citizen and an Ohio resident.

2. Plaintiff is an "employee" within the meaning of the ADA, the ADEA, and Chapter 4112 of the Ohio Revised Code.

3. Defendant Hinkley Lighting, Inc., is an "employer" as defined by the ADA, the ADEA, and Chapter 4112 of the Ohio Revised Code

4. Defendant Hinkley Lighting, Inc., is an Ohio-incorporated business. Additionally, a substantial part of the events or omissions giving rise to Plaintiff's claims took place in Avon Lake, Ohio.

5. Jurisdiction over Mr. Dempsey's claims is conferred upon this Court pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction is conferred upon this Court with respect to any claims brought under Ohio law pursuant to 28 U.S.C. § 1367. Venue in the United States District Court for the Northern District of Ohio is appropriate under 28 U.S.C. § 1391(b). Jurisdiction and venue are proper.

6. Within 180 days of the conduct alleged below, Mr. Dempsey filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC", Charge No. 532-2017-01337) against Hinkley ("EEOC Charge").

7. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is timely filed.

## FACTS APPLICABLE TO ALL CLAIMS

7. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

8. Plaintiff was employed by Defendant from approximately February 15, 2016, until approximately October 12, 2016, at which time Defendant terminated his employment.

9. Plaintiff was asked to travel in his duties. Among other places, Plaintiff traveled to southeast Asia and China. During business travel, Plaintiff occasionally would be accompanied by owners and family members. During business trips, Defendant required Plaintiff to attend meetings (some of which occurred after regular business hours), make reports and

otherwise perform his duties and responsibilities. At all times material hereto, Plaintiff successfully performed those duties and responsibilities.

10. On or around June 29, 2016, Plaintiff suffered a severe and immobilizing back injury, requiring a team of paramedics to lift Plaintiff from the work floor to a gurney, and into an ambulance where he was rushed to the hospital.

11. Several Hinkley employees were present during the incident, including, but not limited to Jess Weidemer (President & COO of Hinkley) and Eric Weidemer (Vice President and General Counsel of Hinkley).

12. As a result his injury and continuing condition, Plaintiff was forced to undergo intensive physical therapy for over a year.

13. At all times relevant hereto, Plaintiff is substantially limited in major life activities including, but not limited to, sitting, lifting, standing, travel, walking, and other life activities impacted by pain.

14. On or around October 10, 2016, Plaintiff requested an accommodation with respect to his disability.

15. On or around October 12, 2016, approximately two days after Plaintiff's request for accommodation, Defendant terminated Plaintiff's employment.

16. At all times relevant to this Complaint, Plaintiff was qualified for the position(s) in which he was employed and for the position(s) for which he applied, was considered or was eligible.

17. At all times relevant to this Complaint, Plaintiff was able to perform and did successfully perform the duties and responsibilities of the position he held.

18. Defendant did not terminate Plaintiff for any reasons related to his work performance, his adherence to company policy and practice, or for just cause.

**FIRST CAUSE OF ACTION**
**(Disability Discrimination – Americans with Disabilities Act)**

19. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

20. At all times material herein, Plaintiff was disabled, had a record of disability, and/or was regarded as disabled.

21. At all times material herein, Plaintiff is substantially limited in major life activities including, but not limited to, sitting, lifting, standing, travel, walking, and other life activities impacted by pain.

22. Plaintiff was otherwise qualified to perform the functions of his position.

23. Defendant knew or had reason to know that Plaintiff suffered from a disability, and/or regarded him as disabled.

24. Defendant discriminated against Plaintiff because of his disability by taking actions which include, but are not limited to, failing to engage in a good-faith interactive process concerning Plaintiff's proposed accommodations, terminating his employment, failing to accommodate his disability, refusing to return him to his former position, refusing to transfer or recall or rehire him, retaliating against him, harassing him, making derogatory remarks about his condition, and/or otherwise discriminating against him in the terms, privileges and conditions of his employment.

25. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer past and future economic and non-economic compensatory damages, including but not limited to pain and suffering, the loss of salary, back pay, front pay, bonuses,

wages, benefits, and other compensation, privileges and conditions of employment. Defendant is liable for those losses.

26. Defendant intentionally, maliciously and willfully violated the ADA in bad faith. Defendant is liable to Plaintiff under 42 U.S.C. § 12101, *et seq.,* for all losses described herein, interest on the amount of losses described in the preceding paragraph, punitive damages, reinstatement, all fees and costs including but not limited to reasonable attorneys' fees and expert fees, and any equitable relief that this Court deems is appropriate including but not limited to front pay, employment, reinstatement and promotion.

**SECOND CAUSE OF ACTION**
**(Disability Discrimination – O.R.C. § 4112)**

27. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

28. Plaintiff suffered from an impairment within the meaning of O.R.C. § 4112.01(A)(16).

29. Plaintiff was a qualified individual with a disability within the meaning of O.R.C. § 4112.01(A)(13).

30. Defendant knew Plaintiff was disabled, had a record of disability, and/or was regarded Plaintiff as disabled.

31. Defendant discriminated against Plaintiff because of his disability by taking actions including, but not limited to, terminating his employment, failing to accommodate his disability, refusing to return him to his former position, refusing to participate in a good-faith interactive process, refusing to promote, transfer or recall or rehire him, retaliating against him, harassing him, making derogatory remarks about his condition, and/or by otherwise discriminating against him in the terms, privileges and conditions of his employment.

32. Upon information and belief, Defendant transferred Plaintiff's work to individuals who did not suffer from disabilities and hired, retained, transferred and promoted individuals who did not suffer from disabilities into open positions for which Plaintiff was qualified.

33. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, past and future economic losses, back pay, front pay, pain and suffering, and the loss of salary, bonuses, benefits, and other compensation and other privileges and conditions of employment, for which Defendant is liable.

34. Defendant's discriminatory actions against Plaintiff in violation of § 4112 of the Ohio Revised Code were willful, reckless, and/or malicious, in disregard of his rights, and render Defendant liable for past and future economic and non-economic compensatory and punitive damages, reasonable attorneys' fees, costs and expenses pursuant to § 4112.99 of the Ohio Revised Code.

**THIRD CAUSE OF ACTION**
**(Retaliation – Americans with Disabilities Act)**

35. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

36. Plaintiff engaged in protected activity by requesting a reasonable accommodation for his disability and complaining about his mistreatment because of his condition.

37. Defendant knew that Plaintiff engaged in such protected activity.

38. Defendant retaliated against him by engaging in actions including, but not limited to, refusing to participate in a good faith interactive process concerning Plaintiff's proposed accommodations, refusing to provide Plaintiff reasonable accommodation, harassing him and terminating Plaintiff's employment.

39. As a direct and proximate result of Defendant's conduct, Mr. Dempsey has suffered and will continue to suffer economic and non-economic compensatory losses and damages, including, but not limited to, past and future economic losses, back pay, front pay, pain and suffering, and the loss of salary, bonuses, benefits, and other compensation and other privileges and conditions of employment. Defendant is liable for those losses.

40. Defendant intentionally, willfully and recklessly violated the ADA in bad faith and in conscious disregard of Mr. Dempsey's rights. Defendant is liable to Mr. Dempsey under 42 U.S.C. § 12101, *et seq.,* for interest on the amount of losses described in the preceding paragraph, punitive damages, all fees and costs including but not limited to reasonable attorneys' fees and expert fees, reinstatement and any equitable relief that this Court deems is appropriate including but not limited to front pay, employment, reinstatement and promotion.

### FOURTH CAUSE OF ACTION
### (Retaliation – O.R.C. § 4112)

41. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

42. Plaintiff engaged in protected activity by requesting a reasonable accommodation for his disability and complaining about his mistreatment because of his condition.

43. Defendant knew that Plaintiff engaged in such protected activity.

44. Defendant retaliated against him by engaging in actions including, but not limited to, refusing to participate in a good faith interactive process, refusing to provide Plaintiff reasonable accommodation, and terminating Plaintiff's employment.

45. As a direct and proximate result of Defendant's conduct, Mr. Dempsey has suffered and will continue to suffer past and future economic and non-economic compensatory damages, including, but not limited to, past and future economic losses, back pay, front pay, pain

and suffering, and the loss of salary, bonuses, benefits, and other compensation and privileges and conditions of employment.

46. Defendant's discriminatory actions against Mr. Dempsey in violation of § 4112 of the Ohio Revised Code were willful, reckless, in disregard of his rights, and/or malicious and render Defendant liable for past and future economic and non-economic compensatory and punitive damages, reasonable attorneys' fees, costs and expenses pursuant to § 4112.99 of the Ohio Revised Code.

**FIFTH CAUSE OF ACTION**
**(Age Discrimination in Employment Act)**

47. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

48. Plaintiff was born on March 21, 1968, and at all times relevant hereto was over forty (40) years of age.

49. During his term of employment, Plaintiff successfully performed the duties and responsibilities of his position.

50. On or around October 12, 2016, Defendant terminated Plaintiff's employment.

51. At the time of his termination, Plaintiff was qualified for the position he held.

52. Upon information and belief, Defendant replaced Plaintiff with, and/or transferred the responsibilities for Plaintiff's position to a person or persons who were under the age of forty (40) and/or substantially younger than Plaintiff.

53. Defendant discriminated against Plaintiff on the basis of age by engaging in actions including, but not limited to, terminating Plaintiff's employment, refusing to transfer, rehire or recall Plaintiff into other available positions for which he was qualified, harassing him, making age-based derogatory remarks, transferring the responsibilities for Plaintiff's position to

8

a person under the age of forty (40) or substantially younger than Plaintiff, and treating Plaintiff differently because of his age in the terms and conditions of his employment.

54. Defendant treats younger employees more favorably than older employees with respect to the terms, conditions and privileges of employment, including, but not limited to, compensation decisions, work assignment decisions, promotion, work rules, termination and hiring decisions, environment, and decisions concerning employees to retain and/or transfer.

55. As a direct and proximate result of Defendant's conduct, Mr. Dempsey has suffered and will continue to suffer damages including, but not limited to, past and future economic and non-economic compensatory damages, back pay, front pay, pain and suffering, and the loss of salary, bonuses, benefits, and other compensation and other privileges and conditions of employment.

56. Defendant's discriminatory actions against Mr. Dempsey in violation of the ADEA were willful, reckless, malicious, and/or in disregard of his rights, and render Defendant liable for past and future economic and non-economic compensatory and liquidated damages, reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 621, *et seq.*

**PRAYER FOR RELIEF**

Plaintiff James Dempsey seeks an amount in excess of $75,000 to fully, fairly and justly compensate him for injury, damage and loss, and respectfully prays that this Court enter judgment in his favor and award him past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, reinstatement, interest, attorneys' fees, expert fees, all fees and costs, and

DempDany additional equitable relief that the Court deems appropriate, including, but not limited to, back pay, front pay, reinstatement and promotion.

        Respectfully submitted,

/s/ *Christopher P. Thorman*
CHRISTOPHER P. THORMAN (0056013)
cthorman@tpgfirm.com
DANIEL P. PETROV (0074151)
dpetrov@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
50 E. Washington Street
Cleveland, Ohio 44022
Tel. (216) 621-3500
Fax (216) 621-3422

*Attorneys for Plaintiff*